UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT EINSTEIN HEALTHCARE NETWORK d/b/a ALBERT EINSTEIN MEDICAL CENTER, *et al.*,<br><br>      Plaintiffs,<br>v.<br><br>ALEX M. AZAR II, Secretary of Health and Human Services,<br><br>      Defendant. | Case No.: 17-cv-1134 *et al.* (ABJ) |

## JOINT STATUS REPORT

On June 6, 2019, this Court issued an order instructing the parties to submit a status report on June 17, 2019 regarding the Supreme Court's decision in *Azar v. Allina Health Services* (No. 17-1484) ("*Allina II*"). The parties thus respectfully provide this status report.

### Plaintiffs' Position

1. For the reasons set forth below, Plaintiffs request that the Court lift the stay in this case and require Defendant to show cause why the Court should not enter judgment in this case and remand the matter to the agency for further action consistent with the Supreme Court's decision and the Court of Appeals' existing mandate.

2. On April 1, 2014, the Court of Appeals issued a decision in *Allina Health Services v. Sebelius* ("*Allina I*") agreeing with this Court that the Secretary's 2004 final rule on part C days was not a logical outgrowth of the proposed rule and vacating the rule on that basis. 746 F.3d 1102, 1107-09 (D.C. Cir.).

3. Shortly after the Court of Appeals issued its decision in *Allina I* in 2014, and in advance of the remand decision in *Allina I*, the agency published Medicare part A/SSI fractions

1

for Federal fiscal year 2012, seeking to reapply the same part C days policy that it had applied in *Allina I*. That action was challenged in *Allina Health Services v. Price* ("*Allina II*"), No. 14-1415 (D.D.C.).

4. In December 2015, the Secretary finally issued its remand decision in *Allina I* once again applying the same policy as the 2004 vacated final rule. In January 2016, the plaintiffs in *Allina I* filed a new action challenging the remand decision ("*Allina III*").

5. On July 25, 2017, the Court of Appeals issued a decision in favor of the plaintiff hospitals in *Allina Health Services v. Price*, 863 F.3d 937 (D.C. Cir.) ("*Allina II*"). The core claim of the hospitals in *Allina II* as well as in this case is that the Secretary must go through notice and comment rulemaking before reapplying the part C days policy that was vacated in *Allina I*. *See e.g.* Complaint ¶¶ 40-43, ECF No. 1; *Allina II*, 863 F.3d at 942-45. In its decision, the Court of Appeals found that the Secretary was required to undertake notice-and-comment rulemaking before readopting his 2004 policy of including part C days in the calculation of the Medicare part A/SSI fraction and excluding part C days from the numerator of the Medicaid fraction used to calculate the Medicare disproportionate share hospital payment. *Id.* at 942-45.

6. The Court of Appeals rested its decision on two independent grounds. First, the Court of Appeals found that the Secretary had violated 42 U.S.C. § 1395hh(a)(2) because the attempted readoption of the part C days policy constituted a "(1) 'rule, requirement, or other statement of policy' that (2) 'establishes or changes' (3) a substantive legal standard' that (4) governs 'payment for services.'" *Id.* at 943. The Court of Appeals ruled in the alternative that the Secretary had violated 42 U.S.C. § 1395hh(a)(4), which precludes a provision from "becom[ing] legally operative until it has gone through notice-and-comment rulemaking" if that provision "is

not a logical outgrowth of a previously published notice of proposed rulemaking." *Id.* at 945.[1] The Court of Appeals also held the Secretary "could not circumvent this requirement by claiming that [he] was acting by way of adjudication rather than rulemaking." *Id.*

7. After denying the Secretary's petition for rehearing and rehearing *en banc*, the Court of Appeals issued its mandate in *Allina II* on December 14, 2017. On January 17, 2018, this Court stayed this case pending the government's decision on whether to file a petition for certiorari.

8. On April 27, 2018, the government filed a petition for certiorari to the Supreme Court. *See Azar v. Allina Health Services* (No. 17-1484). After the Supreme Court granted the petition for certiorari, this Court issued an order on October 11, 2018 extending the stay in this case and directing the parties to submit a status report within fourteen days of the Supreme Court's decision.

9. On June 3, 2019, the Supreme Court issued its opinion, *Azar v. Allina Health Services*, No. 17-1484, 2019 WL 2331304 (U.S. June 3, 2019). In a 7-to-1 decision, the Supreme Court affirmed the Court of Appeals' judgment. The Supreme Court held that the Secretary's attempted readoption of the 2004 part C days policy was at least a statement of policy that changed or established a substantive legal standard governing payment for services, thus requiring notice and comment rulemaking under section 1395hh(a)(2) of the Medicare statute. *Id.* at *4-9.

10. The Court of Appeals' mandate was not stayed and remains binding. In addition, the Supreme Court's decision did not disturb the Court of Appeals' ruling that the readopted 2004 policy is invalid under 42 U.S.C. § 1395hh(a)(4) because Defendant failed to engage in notice-

---

[1] The Secretary had initially attempted to adopt that policy in 2004. The Secretary's initial attempt was vacated in *Allina Health Services v. Sebelius*, 904 F. Supp. 2d 75, 81 (D.D.C. 2012) on the ground that the Secretary's final 2004 rule was not a logical outgrowth of the proposed rule. The Court of Appeals affirmed this court's *vacatur* of the 2004 rule in *Allina Health Services v. Sebelius*, 746 F.3d 1102 (D.C. Cir. 2014) ("*Allina I*").

and-comment rulemaking. *Azar v. Allina Health Services*, 2019 WL 2331304 at*16. That judgment of the Court of Appeals is still binding irrespective of whether the Secretary ultimately seeks rehearing from the Supreme Court with respect to that Court's decision under section 1395hh(a)(2) (which is not expected, in any event).

11. Plaintiffs filed this immediate action on June 9, 2017, which was assigned civil action number 17-cv-1134. Since that date, the Court has consolidated an additional twenty-four related cases into civil action number 17-cv-1134.

12. The Plaintiff hospitals contend that they are now entitled to entry of final judgment in their favor in full with respect to civil action numbers 17-cv-1134, 17-cv-1402, 17-cv-1471, 18-cv-275, 18-cv-286, 18-cv-404, 18-cv-695, 18-cv-829, 18-cv-1155, 18-cv-2404, 18-cv-2736, 18-cv-2967, 19-cv-63, 19-cv-328, 19-cv-964, 19-cv-1361 and 19-cv-1362. The Plaintiff hospitals also contend that they are now entitled to entry of final judgment in their favor with respect to Count I of the complaints for civil action numbers 17-cv-1896, 17-cv-2106, 17-cv-2696, 18-cv-970, 18-cv-1126, 18-cv-1571, 18-cv-1845 and 19-cv-896.[2] Plaintiffs request that the Court not continue the stay of proceedings in this case and, to the extent that the government does not consent to judgment, request that the Court set the following schedule for the government to show cause why judgment should not be entered:

1. July 8—Defendant's Memorandum Showing Cause Why Judgment Should Not Be Entered for Plaintiffs

2. July 22—Plaintiffs' Response

3. July 29—Defendant's Reply

---

[2] Count II in each of these complaints addresses jurisdictional dismissals from the administrative agency in the underlying administrative appeals.

A proposed order is attached.

**<u>Defendant's Position</u>**

1.      The Supreme Court's decision in *Allina II* implicates not only the Plaintiff hospitals in these consolidated cases but also hundreds of other hospitals with similar claims spanning many fiscal years. As of now, the Secretary is aware of more than fifty cases that are similar to these consolidated cases pending before other judges of this Court and expects more to be filed in the future. Some of these cases have been consolidated and others have not. Some raise ancillary issues that require independent resolution (just as do these consolidated cases); others do not. In none of these cases—other than in *Allina II* itself—has the Secretary responded to the operative complaint or produced an administrative record.

2.      The Secretary is still considering the impact of the Supreme Court's decision and the most efficient course forward to accommodate the needs of these consolidated cases as well as the many other cases. In the interests of consistency and judicial economy, the government prefers proceeding with a structured and orderly process for addressing all of the pending cases in similar postures rather than proceeding in an *ad hoc* and piecemeal manner.

3.      In light of the fact that the Supreme Court will not issue a certified judgment in *Allina II* until the 25-day rehearing time passes—which will occur on or after June 28, 2019, *see* S. Ct. R. 44.1, 45.3, the government submits that it would in any event be inappropriate to take action before that time. The government proposes that the parties file a further status report on July 3, 2019, when status reports in many of the other similarly-situated cases are due.

A proposed order is attached.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Christopher L. Keough | JOSEPH H. HUNT<br>Assistant Attorney General |
| | |
| CHRISTOPHER L. KEOUGH<br>  DC Bar No. 436567<br>STEPHANIE ANN WEBSTER<br>DC Bar No. 479524<br>JAMES H. RICHARDS<br>DC Bar No. 469524<br>AKIN GUMP STRAUSS HAUER & FELD L.L.P.<br>2001 K Street, N.W.<br>Washington, D.C.  20006<br>(202) 887-4000 (phone)<br>(202) 887-4288 (fax)<br>E-mail: ckeough@akingump.com<br><br>*Counsel for Plaintiffs* | ERIC WOMACK<br>Assistant Director, Federal Programs Branch<br><br>By: */s/ Serena M. Orloff*<br>SERENA M. ORLOFF<br>California Bar No. 260888<br>Trial Attorney, U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW, Room 12512<br>Washington, D.C. 20005<br>202-305-0167 (phone)<br>202-616-8470 (fax)<br>E-mail: Serena.M.Orloff@usdoj.gov<br><br>*Counsel for Defendant* |

Dated:  June 17, 2019