UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT EINSTEIN HEALTHCARE NETWORK d/b/a ALBERT EINSTEIN MEDICAL CENTER, *et al.*,<br><br>        Plaintiffs,<br>v.<br><br>ALEX M. AZAR II, Secretary of Health and Human Services,<br><br>        Defendant. | Case No.: 17-cv-1134 *et al.* (ABJ) |

**JOINT STATUS REPORT**

On July 2, 2019, following the parties' June 17 joint status report triggered by the Supreme Court's June 3 decision in *Azar v. Allina Health Services*, 139 S. Ct. 1804 (2019), *aff'g,* 863 F.3d 937 (D.C. Cir. 2017) ("*Allina II*"), this Court continued the stay in this case and ordered the parties to submit a further status report by July 3. The parties thus respectfully provide this status report.

**Plaintiffs' Position**

1.       In the June 17 joint status report (ECF No. 21), Plaintiffs requested that the Court require Defendant to show cause why the Court should not enter judgment as to the core claims in this matter and remand it to the agency to recalculate Plaintiffs' Medicare disproportionate share hospital ("DSH") payments consistent with the Supreme Court's decision, 139 S. Ct. at 1810-17, and the Court of Appeals' existing mandate (issued December 14, 2017) in *Allina II*.

2.       Defendant asserted in the June 17 joint status report, *inter alia*, that it was premature for the Court to take any action until after June 28, which was the end of the 25-day period for

1

Defendant to petition for rehearing from the Supreme Court. Joint Status Report, Def's Position ¶ 3 (ECF No. 21). No such petition to the Supreme Court was filed.

3. Plaintiffs maintain that there is no reasonable basis for additional litigation in this action. Indeed, Defendant has acknowledged that this and other cases are similar *Allina*-type cases. *See, e.g.,* Joint Status Report, Def's Position ¶ 2, Alamance Regional Medical Center v. Azar, Case No. 18-cv-939 (June 26, 2019) (ECF No. 14). To the extent that Defendant also contends that there are any "remaining issues" to litigate, *see id.,* the time to identify these issues is now, and Plaintiffs thus request that the Court set the following schedule:

    a. July 19 - Defendant's Memorandum Showing Cause Why Judgment Should Not Be Entered for Plaintiffs

    b. August 2 - Plaintiffs' Response

    c. August 9 - Defendant's Reply

4. Because Plaintiffs contend that they are entitled to judgment in their favor now, they do not agree with the government's stated objective of consolidating all or substantially all *Allina*-type cases. There is no need to consolidate cases that should be readily and immediately resolved through the entry of judgment; consolidation would only yield further delay and inefficiencies in this already decade-old litigation regarding the validity of Defendant's 2004 DSH policy change. If any work needs to be done by the government to confirm that the resolution of Plaintiffs' claims is dictated by *Allina II*, that work should be done in advance of any consolidation request to avoid the potential consolidation of disparate claims. Indeed, the government's contention below that it must evaluate for "factors unique to each hospital" based on the administrative record in each case, *see infra* at Defendant's Position ¶ 3, only undermines the government's plan to move to consolidate *Allina* type cases, as those tasks must necessarily be

done on a case-by-case basis. It would not be prudent or increase judicial efficiency to consolidate cases such that the evaluation of some cases that may indeed raise ancillary issues would hold up resolution of all other cases pending before this Court. In any event, Defendant cites no authority, and Plaintiffs are not aware of any, to support the proposition that a defendant must answer a complaint and file an administrative record before consent judgment can be entered. As to the core *Allina*-type claims, Plaintiffs see no reason why Defendant could not or should not consent to judgment in this case now, and that is why Plaintiffs have requested that Defendant be ordered to show cause. Plaintiffs do not agree that remand is appropriate for those claims except in connection with the entry of judgment for the Plaintiffs accompanied by direction for the Defendant to take appropriate action to recalculate DSH payments consistent with the D.C. Circuit and Supreme Court decisions in *Allina Health Services v. Sebelius*, 746 F.3d 1102, 1108 (D.C. Cir. 2014) (*Allina I*) and *Allina II*.

5.      Moreover, while the government asserts the need for more time to confer with opposing counsel in the various cases it proposes to consolidate, the vast majority of these cases, including cases involving all or nearly all counsel who have brought *Allina* type actions, have joint status reports deadlines of July 3 (or had earlier deadlines) that already required conferring about next steps in the respective cases.

6.      To the extent the Court is nevertheless inclined to consolidate *Allina*-type cases at this juncture, Plaintiffs request that the Court consolidate with the instant case only cases that are handled by Plaintiffs' counsel's firm that Plaintiffs' counsel thus knows raise the same core claims, and further request that the other cases consolidated with this case retain their own, separate civil action numbers in the event of a consolidation.

A proposed order reflecting Plaintiffs' position is attached.

**Defendant's Position**

1.      As the Secretary noted in the last Joint Status Report, ECF No. 21, the Supreme Court's decision in *Allina II* implicates not only the plaintiff hospitals in this case but also hundreds of other hospitals with similar claims spanning many fiscal years. As of the last status report, the Secretary was aware of more than fifty similar cases (in addition to these consolidated cases) pending before various judges of this Court. *Id.* at Defendant's Position ¶ 1. That figure has grown in the two weeks since the parties' last filing, and the Secretary expects more cases to be filed in the future.

2.      In addition to raising the issue presented in *Allina II*, some of the pending cases, including this one, also raise ancillary issues that require independent resolution. For example, many of the Plaintiffs in this consolidated case challenge decisions by the Provider Reimbursement Review Board ("PRRB") to deny jurisdiction over certain administrative appeals. *See, e.g.*, *St. Mary's Health Care Sys. v. Azar*, 17-2106 (ABJ); *Cartersville Medical Center v. Azar*, 17-2696 (ABJ); *Banner Health v. Azar*, 18-275 (ABJ). Because exhaustion of remedies with the PRRB is a statutory prerequisite to judicial review, 42 U.S.C. § 1395oo(f), resolution of these questions is a threshold issue for many of the hospitals and reporting periods at issue. Given the presence of these ancillary issues, which are similar to ancillary issues in other pending cases,[1] and the common *Allina II* legal issue presented by the complaints in all cases, the government prefers proceeding with a structured and orderly process for addressing all of the pending cases in similar postures rather than proceeding in an *ad hoc* and piecemeal manner. To that end, the Secretary

---

[1] *See, e.g.*, *St. Agnes Medical Center v. Azar*, 18-222 (CRC); *Shannon Med. Center v. Azar*, 18-799 (DLF); *Lehigh Regional Medical Center v. Azar,* 19-1014 (BAH); *Alvarado Hospital Medical Center v. Azar*, 19-1378 (BAH).

intends to move to consolidate all, or substantially all, of the currently pending *Allina II*-type cases.[2]  If that effort is successful, the Secretary proposes to work with counsel for plaintiffs in each of the pending cases to identify the claims that, based on the face of the complaint, implicate only the decisions in *Allina II* and no other ancillary issues, and to adopt schedules for litigating any remaining ancillary issues.  The undersigned counsel is presently in the process of conferring with the counsel representing plaintiffs in each of the pending cases about consolidation and the appropriate next steps.

3. Given these circumstances, the Secretary disagrees with Plaintiffs' contention that consolidation "would only yield further delay and inefficiencies."  *See supra* at Plaintiffs' Position ¶ 4. That assertion not only overlooks the presence of ancillary issues in their own cases and other cases, it also rests upon the false premise that, absent any ancillary issues, Plaintiffs would be entitled to "judgment in their favor now."  *Id.*  As noted in the last Joint Status Report, in none of the pending *Allina II*-type cases (other than *Allina II* itself) has the Secretary yet answered the operative complaint or produced an administrative record.  ECF No. 21 at Defendant's Position ¶ 1. While the Secretary anticipates that, once the cases are consolidated, many of the claims at issue may be resolved through an approach that avoids the need to produce an administrative record and prepare an answer, such as voluntary remand or settlement, Plaintiffs cannot obtain *judgment* in their favor without providing the Secretary an opportunity to evaluate whether their factual allegations are true and whether they have properly presented the legal issue of *Allina II*. Because that question depends upon factors unique to each hospital, including proper exhaustion of remedies at the PRRB, litigating these cases to judgment even insofar as they present only the

---

[2] Although this Court and one other have consolidated their Allina-type cases *sua sponte*, *see St. Agnes Medical Center v. Azar*, No. 18-222 (CRC), there are still dozens of cases that remain unconsolidated.

*Allina II* issue on their face would require—at a minimum—individualized review of the allegations in the various complaints and compilation and review of the applicable administrative records.

4. The government believes that it would be premature and inefficient to require the Secretary to respond to the complaints and produce administrative records in these cases when it is not yet clear how the numerous similarly situated cases pending in this District will be handled.[3] As noted, if the *Allina II*-type cases are further consolidated, as the government believes they should be, it may be possible to avoid the necessity of further litigation of many of the pending issues through voluntary remand or settlement, thereby conserving judicial resources. Furthermore, requiring the Secretary to produce administrative records and/or respond to the operative complaints or orders to show cause in each of the many *Allina II*-type cases on a piecemeal basis, and on the timeline Plaintiffs seek, would be unmanageable.

5. The government intends to file its motion to consolidate within thirty days. Because the government has not yet completed the meet and confer process with each of the plaintiffs' attorneys (many of whom have raised views on consolidation that require further

---

[3] Plaintiffs misconstrue the Secretary's position in the last Joint Status Report as suggesting that immediate action was premature solely in light of the 25-day rehearing period in *Allina II*. *See supra* at Plaintiffs' Position ¶ 2 (citing ECF No. 21 at Defendant's Position ¶ 3). While the Secretary noted in the last Joint Status Report that it would be inappropriate "in any event" for the Court to take action before the Supreme Court issues a certified judgment in *Allina II*, he also emphasized that the government was still considering "the most efficient course forward to accommodate the needs of these consolidated cases as well as the many other cases" and that, "[i]n the interests of consistency and judicial economy, the government prefers proceeding with a structured and orderly process for addressing all of the pending cases in similar postures rather than proceeding in an *ad hoc* and piecemeal manner." ECF No. 21 at Defendant's Position ¶¶ 2-3. The Secretary's position in this filing is thus consistent with his position in the last Joint Status Report.

consideration), much less filed its motion to consolidate, the government believes that it would be premature for the Court to take any action regarding either final disposition or consolidation of this case. Plaintiffs may raise any objections to consolidation, or concerns about the mechanics of consolidation, in response to the government's anticipated motion or in the consolidated case itself.

6.   For these reasons, the government proposes that the case remain stayed while the government completes the meet and confer process and files its motion to consolidate. The government further proposes that if its anticipated motion to consolidate is granted, the parties take further action as directed in the consolidated case. Otherwise, the government proposes to file a further status report within thirty days of any denial of the motion to consolidate.

A proposed order reflecting the Secretary's position is attached.

Respectfully submitted,

By: /s/ Stephanie Ann Webster

STEPHANIE ANN WEBSTER
D.C. Bar No. 479524
CHRISTOPHER L. KEOUGH
D.C. Bar No. 436567
JAMES H. RICHARDS
D.C. Bar No. 469524
AKIN GUMP STRAUSS HAUER & FELD L.L.P.
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4049 (phone)
(202) 887-4288 (fax)
E-mail: swebster@akingump.com

*Counsel for Plaintiffs*

Dated:  July 3, 2019

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

By: /s/ Serena M. Orloff
SERENA M. ORLOFF
California Bar No. 260888
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512
Washington, D.C. 20005
202-305-0167 (phone)
202-616-8470 (fax)
E-mail: Serena.M.Orloff@usdoj.gov

*Counsel for Defendant*