UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALBERT EINSTEIN HEALTHCARE NETWORK d/b/a ALBERT EINSTEIN MEDICAL CENTER, *et al.*, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:17-cv-01134-ABJ |
| ALEX M. AZAR II, Secretary of Health and Human Services, | ) ) ) ) | |
| Defendant. | ) ) | |

## MOTION TO CONSOLIDATE

Defendant, the Secretary of Health and Human Services (the "Secretary" or "Defendant"), by and through his undersigned counsel, respectfully moves, pursuant to Fed. R. Civ. P. 42(a) and LCvR 40.5(d), for the consolidation of the above-captioned consolidated case ("*Albert Einstein*") with 61 similarly-situated cases identified in Exhibit A hereto. Consolidation is proper because, based on a review of the complaints, all of the cases present a common, potentially dispositive issue of law arising under the Medicare Act. Consolidation therefore will facilitate prompt, orderly, and uniform resolution of the cases and promote judicial economy for the parties and the Court. In support of the motion, the Secretary states as follows:

1. Plaintiffs in the instant case, *Albert Einstein*, are hospitals that challenge certain disproportionate share hospital ("DSH") payment adjustments under the Medicare statute, 42 U.S.C. § 1395ww(d)(5)(F). Specifically, each of the 27 complaints in the consolidated *Albert*

1

*Einstein* action includes a claim that DSH adjustments for certain fiscal years are invalid because the Secretary improperly neglected to undertake notice and comment before including days for patients enrolled in Medicare Part C ("Part C days") in the "Medicare/SSI" fraction of the DSH formula. Based on a review of the complaints, it appears that each of the 61 cases identified in Exhibit A also presents a similar Medicare/SSI claim as a central, dispositive claim. Although some of the complaints, both in this case and in the other cases identified in Exhibit A, also present ancillary issues, the Medicare/SSI claim is the core claim in all or substantially all of the cases.

2. The plaintiffs in a different and earlier-filed case, *Allina Health Services v. Price*, No. 14-1415 (D.D.C.) ("*Allina II*"), raised a similar Medicare/SSI Claim. The district court in *Allina II* entered judgment in favor of the Secretary. 201 F. Supp. 3d 94 (D.D.C. 2016). The hospitals in *Allina II* filed an appeal, which was pending before the D.C. Circuit when this case was filed. Accordingly, on joint motion of the parties, this case was stayed pending the D.C. Circuit's decision in *Allina II*. *See* ECF No. 8 and Minute Order dated July 21, 2017.

3. On July 25, 2017, the D.C. Circuit reversed the district court's decision in *Allina II* and issued a decision in favor of the plaintiff hospitals, holding that the Medicare statute, 42 U.S.C. § 1395hh(a)(2), required the Secretary to undertake notice and comment before including Part C days in the Medicare/SSI fraction. 863 F. 3d 937, 943.

4. The Secretary sought, and the Supreme Court granted, *certiorari* in *Allina II*. Consequently, the stay in this case was continued pending the Supreme Court's ruling on the merits in *Allina II*. *See* Minute Orders dated September 25, 2017, October 17, 2017, January 17, 2018, May 14, 2018, September 5, 2018, and October 11, 2018.

5.	Separately, on July 21, 2017, this Court began issuing orders to show cause why subsequently-filed cases that also presented the Medicare/SSI claim and had been designated as "related" to this one should not be consolidated under this caption as the lead case. Neither side objected to consolidation,[1] and 27 cases (including *Albert Einstein* itself) have now been consolidated in this action without objection by the parties. Similarly, Judge Cooper has, *sua sponte*, consolidated similar *Allina II*-type cases that are assigned to him. *See St Agnes Medical Ctr., et al. v. Azar*, No. 18-0222 (CRC). As of this filing, 15 cases (including *St. Agnes* itself) have been consolidated before Judge Cooper and were stayed pending disposition of *Allina II*. Dozens of other *Allina II*-type cases also have been filed subsequent to this one and assigned to various other judges in this District. Those cases were similarly stayed pending the outcome of *Allina II*.

6.	In total, the Secretary is aware of 88 similarly-situated *Allina II*-type cases pending before fifteen different district judges in this District as of this filing. In none of these cases has the Secretary yet answered the operative complaint or produced an administrative record.

7.	On June 3, 2019, the Supreme Court affirmed the D.C. Circuit's decision in *Allina II*. *Allina II*, 139 S. Ct. 1804 (2019). Following that decision, the Secretary worked with various plaintiffs' counsel to submit joint status reports in many of these cases. The Secretary informed the various assigned judges that he intended to file a motion to consolidate all or substantially all the pending *Allina II*-type cases. The Secretary further suggested that if the motion to consolidate were granted, the parties should take further action as directed in the consolidated case only.

---

[1] Plaintiffs in these cases, who are all represented by the same counsel, designated them as "related" under LCvR 40.5. The issue of whether two cases are related under Local Civil Rule 40.5 is distinct from the issue of whether the two cases should be consolidated. *See Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016); *see also* Fed. R. Civ. P. 42(a).

## ARGUMENT

8. Under Fed. R. Civ. P. 42(a), courts may consolidate separate actions involving "a common question of law or fact." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (citing Fed. R. Civ. P. 42(a)). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In exercising that discretion, courts "must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286. A consolidation order will not be disturbed on appeal absent an abuse of discretion. *See*, *e.g.*, *Santucci v. Pignatello*, 188 F.2d 643, 644-45 (D.C. Cir. 1951); *Mylan Pharm., Inc. v. Henney*, 94 F. Supp. 2d 36, 43-44 (D.D.C. 2000), *vacated as moot sub nom.*, *Pharm. B.V. v. Barr Labs.*, *Inc.*, 276 F.3d 627 (D.C. Cir. 2002).

9. The Secretary respectfully submits that the 61 cases identified in Exhibit A[2] of the instant motion (15 of which have already been consolidated by Judge Cooper) should be consolidated with the above-captioned consolidated action for four main reasons.

10. First, the cases clearly present "common question[s] of law," and thus consolidation is appropriate under Fed. R. Civ. P. 42(a). In particular, the complaints in all these cases raise the question of whether 42 U.S.C. 1395hh(a)(2) required the Secretary to conduct notice-and-comment rulemaking before including Medicare Part C days in the SSI/Medicare fraction of the

---

[2] The most of recent of these cases was filed on July 24, 2019. The Secretary expects that additional cases will be filed raising the same issues and, if this motion is granted, intends to move to consolidate any later-filed cases.

DSH calculation.  *See, e.g.*, *Albert Einstein* Complaint, ¶¶ 40-41.  This is the same legal issue that is presented in this case and was raised in *Allina II*.  Indeed, the common presence of this dispositive legal issue is why so many of these cases were, by agreement of the parties, stayed pending resolution of the proceedings in *Allina II*.  That the cases are all in the same procedural posture, and at the same stage of proceedings, further weighs in favor of consolidation.  *See Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011) (finding consolidation appropriate where cases were "in the same procedural posture and stage of litigation").

11. Second, consolidation will conserve substantial judicial resources.  Consolidation is appropriate if it "will help . . . [the court] manage its caseload with 'economy of time and effort for itself, for counsel, and for litigants.'"  *Mylan Pharm.*, 94 F. Supp. 2d at 43 (quoting *Landis v. American Water Works & Electric Co.*, 299 U.S. 248, 254 (1936)).  Presently, a total of 88 Medicare reimbursement cases focusing on the same legal issue are pending before fifteen judges of this Court.  Many of these cases separately involve numerous hospital plaintiffs (there are 67 hospital plaintiffs in *Albert Einstein* alone, for example, *see Albert Einstein* Complaint, ¶ 7), each raising one or more claims pertaining to particular fiscal years.  Given that approximately 2400 hospitals receive DSH payments in a given year, more cases will likely be filed in this Court in the future.  Consolidation would streamline the management and disposition of this growing docket, and thereby substantially reduce the burden on the Court's limited time and resources.  Indeed, given that these cases are currently scattered across the different dockets of no fewer than fifteen different judges of this District, the failure to consolidate would almost certainly result in wasteful duplication of judicial case management efforts and other resources.  The wisdom of consolidation

is evidenced by the fact that at least two judges in this District, including the judge in the instant case, have already begun consolidating these cases *sua sponte*.

12. The parties also would benefit from consolidation. As Defendant in all these DSH challenges, the Secretary is faced with the significant burden of simultaneously managing numerous cases assigned to various different judges of this Court. Under these circumstances, even ministerial tasks, such as seeking to confer and submit joint status reports in the dozens of pending cases, have proven to be extraordinarily cumbersome, given the large number of separate filings required and the need for separate consultation among different plaintiffs' counsel. Moreover, while most of the cases are stayed, some of the more recently-filed cases have not yet been stayed, thereby necessitating separate motions to stay and/or vacate deadlines pending development of a coordinated approach. Some plaintiffs have even opposed such relief, resulting in a need for still more briefing in separate cases. *See* July 3, 2019 Order entered in *Fresno Community Hospital and Medical Ctr. v. Azar*, No. 19-cv-1224 (granting, over objection of plaintiff hospitals, the Secretary's motion to vacate a July 11, 2019 deadline to respond to the complaint).

13. The burden of managing each of these *Allina II*-type cases in a piecemeal and *ad hoc* fashion is impeding the prompt and orderly disposition of these cases. Since the Supreme Court issued its decision in *Allina II*, the Secretary's efforts have been diverted to case management issues rather than forging a uniform path forward for ascertaining which *Allina II*-type claims are properly presented and disposing of them. Moreover, the significant and undue burden of defending these cases in piecemeal fashion will only increase when, as will inevitably occur, additional cases are filed in this Court.

14. A party's objections "do not vitiate the propriety of consolidation" of cases raising common questions of law or fact. *Mylan Pharm., Inc. v. Henney*, 94 F. Supp. 2d at 44 (citations omitted). In any event, there is good reason to believe that the Plaintiff-hospitals would also benefit from consolidation of the various other DSH cases with this action. Consolidation would streamline these proceedings, allowing the Secretary to work more expeditiously and efficiently toward a resolution of the issues affected by the Supreme Court's *Allina II* decision. Moreover, consolidation would help ensure that all Plaintiff-hospitals' claims are managed in the most coordinated manner possible, thereby avoiding disparate and thus potentially inequitable treatment of similarly-situated plaintiffs. Further, to the extent that a subset of these cases (a minority, the Secretary believes) also present ancillary issues that are common to multiple *Allina II*-type cases, consolidation will help ensure that an orderly schedule is adopted for litigating or otherwise resolving such ancillary issues. And to the extent these ancillary issues are not shared by other plaintiffs, that state of affairs can be managed within the confines of a consolidated case. *See* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate [proceeding to address] one or more separate issues [or] claims[.]").

15. Third, consolidation would also "allow[] for consistency in decisionmaking." *Beverly California Corp. v. NLRB*, 227 F.3d 817, 828 (7th Cir. 2000); *see also Nat'l Ass'n of Mortg. Brokers*, 770 F. Supp. 2d at 286 (noting that the Court should consider the risk of inconsistent rulings). The potential for inconsistent and divergent decisionmaking in these cases is already apparent from the varied responses of different assigned judges to the various joint status reports submitted on July 3, 2019. Those responses ranged from requiring submission of a list of cases that may be consolidated (in this case), to setting a briefing schedule on the anticipated

motion to consolidate, to imposing a variety of different and additional status report obligations which varied significantly in terms of deadlines, required contents, and in other respects.[3]

16. Fourth and finally, Local Civil Rule 40.5(d) provides that "[m]otions to consolidate cases . . . shall be heard and determined by the judge to whom the earlier-numbered case is assigned. If the motion is granted, the later-numbered case shall be reassigned in accordance with section c of this Rule." Exhibit A to this motion shows that this action is the "earlie[st]-numbered," and thus the lowest-numbered, case among those for which consolidation is sought.

17. Pursuant to Local Civil Rule 7(m), the Secretary's counsel has discussed the relief sought in this motion with plaintiffs' counsel in the above-captioned action, as well as the counsel

---

[3] A partial sampling of the various responses follows. This Court ordered the Secretary to submit by July 11, 2019 a list of cases that may be the subject of his anticipated motion to consolidate, *see* Minute Order dated July 9, 2019, and subsequently issued an order directing the parties to file a further status report by August 2. Judge Bates entered orders in his cases requiring the parties to file another joint status report by August 7, 2019, including whether a consolidation motion has been filed, a "detailed explanation" of the parties' positions on consolidation, and what proceedings, if any, are appropriate if the case is not consolidated. *See* July 8, 2019 Orders in *Alamance Regional Medical Center et al. v. Azar*, No. 18-0936; *Anderson Hospital et al. v Azar*, No. 19-1386; and *Brooks Memorial Hospital v Azar*, No. 18-2705. Judge Howell entered orders in her cases directing the parties to file a further joint status report by September 5, 2019 to propose a date for filing a motion to consolidate, unless such a motion has already been filed by that date. *See* July 9, 2019 Orders in *Lehigh Regional Medical Ctr., et al. v. Azar*, No. 19-1014; *Covenant Medical Ctr. v. Azar*, No. 18-1330; and *Arizona Regional Medical Ctr. v. Azar*, No. 18-1367. Judge Mehta entered orders in his cases setting a briefing schedule on the consolidation motion starting August 2, 1019, or if no such motion is filed by then, for the parties to submit a joint status report on that date and every thirty days thereafter. *See* Orders entered on July 8, 2019 in *Long Beach Memorial Medical Center et al. v Azar*, No. 18-3040; and *Affinity Hospital, LLC et al. v. Azar*, No. 18-1956. Judge Collyer entered an order requiring the parties to submit a joint status report by July 31, 2019, and stating that plaintiffs may renew their request for a scheduling order if the government has not yet filed a consolidation motion by that time. See July 8, 2019 Order in *Edward W. Sparrow Hospital v. Azar*, No. 18-1689. Judge Boasberg entered an order stating that if the government has not filed a consolidation motion by August 2, 2019, then it should file a status report stating when it intends to file or that it does not intend to file. *See* July 5, 2019 Order in *Bon Secours DePaul Medical Center, Inc. et al. v. Azar*, No. 18-2285.

for plaintiffs in the various actions hereby sought to be consolidated.  Plaintiffs' counsel in this action opposes the relief sought in this motion.  Plaintiffs' counsel in the remaining actions oppose or expect to oppose consolidation, or did not provide a position on this motion.

Dated:  July 31, 2019

Respectfully submitted,

JOSEPH H. HUNT
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director
Civil Division

 /s/ *Serena M. Orloff*
SERENA M. ORLOFF
California Bar No. 260888
PETER M. BRYCE
Illinois Bar No. 6244216
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-0167
Fax: (202) 616-8470
E-mail: serena.m.orloff@usdoj.gov

*Attorneys for Defendant*